## JOSEPH BUIE v. BERNARD KENDIG.

Where a slave who had been purchased a short time before, as a confirmed runaway and a vicious negro, was sold with full legal warranty, and soon after the sale ran away again, and in attempting to escape from his master, who pursued him, jumped into a river and was drowned—*Held:* That the vendor was bound to refund the price of the slave, with legal interest from the time of drowning.

APPEAL from the Sixth District Court of New Orleans, *Howell, J.*
*Clarke & Bayne*, for plaintiff. *T. G. & A. G. Semmes*, for defendant and appellant.

<div style="float:right">BUIE
v.
KENDIG.</div>

DUFFEL, J.  Plaintiff brings suit to rescind the sale and recover the price of slave *Ben* or *Ben Dacon*, sold to him by defendant—alleging that said slave was an habitual runaway, that while in the woods and while petitioner was using due diligence to catch him, said slave in attempting to escape was drowned in the Boeuf river on the 11th of June, 1857 ; that the slave was thus lost by reason of said vice of running away.

The evidence shows that the slave was purchased in New Orleans, on the 16th of February, 1857—was taken on the Steamer Lotus to the plantation of plaintiff in the parish of Franklin.   He left home several times without permission, and ranaway first about the middle of May, and after staying out some time came in and surrendered himself—subsequently he ranaway again, and while in the woods was pursued by plaintiff—his overseer *Mr. Fluett* and neighbor *Isaac Doyal*—in trying to escape from them he jumped into the river, probably to try to swim across, and was drowned.   The judgment of the District Court condemned the defendant to refund to the plaintiff the price of said slave, to wit $1225, with legal interest from the 11th of June, 1857.

We are satisfied, from the evidence, that the above named slave is the identical one sold to the defendant by *Tobin* of Arkansas, as a confirmed runaway and a vicious negro, on the very day, or the day before the sale to the plaintiff, which latter sale was made with a full legal warranty.

Judgment affirmed, with costs.

LAND J, absent.